In the Matter of the Application of MICHAEL FORNARA, Respondent, for an Order of Mandamus against WILLIAM SCHROEDER, JR., and Others, Constituting the Sanitary Commission of the Department of Sanitation of The City of New York, Appellants.

First Department, July 1, 1932.

*Henry J. Shields* of counsel [*Rollin H. Reid* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellants.

*Samuel M. Ostroff*, for the respondent.

MERRELL, J. The petitioner was employed as superintendent in charge of street cleaning in the borough of Queens, New York city.

Heretofore the supervision and direction of street cleaning there was conducted as a part of the business of the borough president of the borough of Queens under the provisions of section 383 of the Greater New York Charter (as amd. by Laws of 1921, chap. 170). The sanitation department of the city of New York was created on December 1, 1929, by Local Law of that year, No. 13, of the municipal assembly. The assumption was, by the officials having charge of the organization of the department of sanitation, that the bureau of street cleaning was included within that organization. The petitioner herein was continued in his old position pending a classification of the positions for the new department. The petitioner was continued in his employment in a list of places which he sought to have included in the exempt class. His original classification was in the exempt class and had he been continued as he desired he would have continued to be in the exempt class. His request was approved by the municipal civil service commission and, with the approval of the mayor, his position was classified in the exempt class. The resolution placing the petitioner in the exempt class was forwarded to the State Civil Service Commission for approval. The State Civil Service Commission refused to approve the same. A second time the resolution was submitted to the State Civil Service Commission with a like result. The enactment of the resolution and the subsequent action thereon were under the provisions of section 11 of the Civil Service Law (as amd. by Laws of 1923, chap. 177), providing as follows:

§ 11. The classified city service. * * *.

" Subdivision 2. Such rules so prescribed and established, and all regulations for appointment and promotion in the civil service of said cities and any subsequent modification thereof, whether prescribed under the authority of a general law or of any special or local law, shall be valid and take effect only upon the approval of the mayor or other duly authorized appointing authority of the city and of the State Civil Service Commission."

Upon notification from the State Civil Service Commission that it refused to classify the petitioner's position in the exempt class, the defendant, by its assistant to the chairman of the sanitary commission, wrote the petitioner as follows:

" *December* 12, 1930.

" Mr. MICHAEL FORNARO,
        " 8079 — 88th Road,
                " Woodhaven, Long Island, N. Y.

" DEAR SIR. I am directed by Dr. William Schroeder, Jr., Chairman of the Sanitary Commission, to advise you that in view of the fact that his request for the exemption of the position of Superin-

tendent of Street Cleaning, Borough of Queens, has been denied by the State Civil Service Commission, your tenure of that office automatically terminates at the close of business December 15, 1930.

"Very truly yours,
" EDWARD F. CADLEY
[Signed] EDWARD F. CADLEY,
" *Assistant to Chairman, Sanitary Commission.*

" EFC:JAN "

Thereupon the petitioner instituted the present proceeding asking for reinstatement upon the ground that by virtue of section 22 of the Civil Service Law (as amd. by Laws of 1924, chap. 612) the petitioner, being a veteran of the World War, could not be removed from the position held by him, except after a hearing upon charges filed against him. The defendants contend that the provision of the statute upon which the petitioner relies furnishes him no aid, and that the refusal of the State Civil Service Commission to classify the position as exempt prevents the continuation of the petitioner upon the payroll of the city. The defendants also urge that the provisions of section 22 of the Civil Service Law are inapplicable and that the petitioner was not removed within the scope of that section.

It very clearly appears that the petitioner was not removed by the defendants. All that the defendants did was to attempt to continue him and have him classified in the exempt class of the civil service in accordance with his prior service. When Local Law No. 13 of the Laws of 1929 was enacted temporarily the petitioner was continued by defendants under emergency approval pending his application to have the position classified as exempt in the newly-created department. This was necessary because of the provisions of section 8 of the Civil Service Law, which provides as follows: " No officer or officers having the power of appointment or employment shall select or appoint any person for appointment, employment, promotion or reinstatement except in accordance with the provisions of this chapter and the rules and regulations prescribed thereunder." Had the defendants disregarded such provision they would have been personally liable for the payment of the compensation to the petitioner under the following language found in section 8 of the Civil Service Law: " Any person employed or appointed contrary to the provisions of this chapter or of the rules and regulations established thereunder, shall be paid by the officer or officers so employing or appointing, or attempting to employ or appoint him, the compensation agreed upon * * *."
That the State Civil Service Commission had the final authority

as to the classification of employees was clearly shown by the provisions of section 11 of the Civil Service Law, which provides as follows: " Subdivision 1. The mayor or other duly authorized appointing authority of each city in this State shall appoint and employ three suitable persons to prescribe, amend and enforce rules for the classification of the offices, places and employments in the classified service of said city, and for appointments and promotions therein and examinations therefor;  *   *   *.

" Subdivision 2. Such rules so prescribed and established, and all regulations for appointment and promotion in the civil service of said cities and any subsequent modification thereof, whether prescribed under the authority of a general law or of any special or local law, shall be valid and take effect only upon the approval of the mayor or other duly authorized appointing authority of the city *and of the State Civil Service Commission.*"   (Italics are the writer's.)

It seems to me, therefore, that defendants were without power to employ the petitioner until there had been a classification thereof by the civil service commission approved, not only by the mayor, but also by the State Civil Service Commission.   The mayor, at the request of defendants, approved such classification, but when the resolution was presented to the State Civil Service Commission, that body disapproved of the same.   The State Department of Civil Service held that the position should be placed in the competitive class.   Section 14 of the Civil Service Law (as amd. by Laws of 1911, chap. 547) contains the provision that " No person shall be appointed or employed under any title not appropriate to the duties to be performed, and no person shall be transferred to, or assigned to perform the duties of, any position subject to competitive examination, unless he shall have previously passed an open competitive examination equivalent to that required for such position, or unless he shall have served with fidelity for at least three years in a similar position." The petitioner had not served three years, as his appointment commenced on August 22, 1929, and ended December 15, 1930.

We do not think that the petitioner was protected from removal by reason of the provision of section 22 hereinbefore referred to. So far as pertinent, that section provides as follows: " No person holding a position by appointment or employment in the  *   *   * several cities  *   *   *  thereof who is an honorably discharged soldier  *   *   *  having served as such in the  *   *   *  World War  *   *   *  shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by writ of certiorari.  *   *   *." There can be no doubt that this provision of the Civil Service Law was enacted

for the protection of persons holding positions in the competitive class. This is evidenced by a further provision of the section, as follows: "Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department or change the provisions of section thirteen of the Civil Service Law."

Section 13 of the Civil Service Law (as amd. by Laws of 1927, chap. 440), defining positions to be included in the exempt class, among other things, provides as follows: "The deputies of principal executive officers authorized by law to act generally for and in place of their principals; * * * Appointments to positions in the exempt class may be made without examination." The position which the petitioner held in the bureau of street cleaning was in the exempt class. In the affidavit of William J. Schroeder, Jr., one of the defendants herein, it is stated that "The petitioner never held a position in the Bureau of Street Cleaning in the Borough of Queens except an exempt one." This averment is nowhere denied by petitioner. It seems to me, therefore, that the petitioner is not protected by the provisions of section 22 of the Civil Service Law.

Certainly the defendants did everything within their power to continue the petitioner in the exempt class. Twice the defendants forwarded to the State Civil Service Commission resolutions to that effect and as often the State Civil Service Commission refused to accede to the resolution adopted by the defendants and approved by the mayor. After such action by the State Commission the defendants could not legally continue the petitioner. Had they attempted to do so the petitioner would have been able to obtain no pay for his services. Section 20 of the Civil Service Law (as amd. by Laws of 1914, chap. 67) provides as follows:

"§ 20. Disbursing officers. It shall be unlawful for the comptroller or other fiscal officer of * * * any civil division or city * * * for which civil service rules have been prescribed pursuant to this chapter, to draw, sign or issue, or authorize the drawing, signing or issuing of any warrant on the treasurer or other disbursing officer * * * to pay any salary or compensation to any officer, clerk or other person in the classified service of the * * * city * * *, unless an estimate, payroll or account for such salary or compensation, containing the names of the persons to be paid, shall bear the certificate of * * * the municipal civil service commission of such city, that the persons named in such estimate, payroll or account have been appointed or employed or promoted in pursuance of law and of the rules made in pursuance of law. * * *."

Likewise, section 126 of the Greater New York Charter provides as follows:

"§ 126. Any officer of said city whose duty it is to sign or counter-sign warrants, shall not draw, sign or issue, or authorize the drawing, signing or issuing of any warrant on the chamberlain or other disbursing officer of the city for the payment of salary to any person in its service whose appointment or retention has not been in accordance with the Civil Service Law and its amendments and of the valid rules in force thereunder."

Therefore, it seems to us that if the petitioner has any grievance it is against the State Civil Service Commission, which is not made a party to this proceeding. The action of the latter Commission cannot be attacked collaterally in these proceedings. We are unable to see, in view of the fact that the petitioner cannot be continued in the exempt class, how the jury was able to decide that question as a question of fact.

We are, therefore, of the opinion that the order appealed from should be reversed, with costs, and the petition dismissed, with costs.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Order reversed, with costs and disbursements, and the petition dismissed, with costs. Settle order on notice.